# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:21-cv-00185-MR-WCM

MARK GREENE,          )
                  )
        Plaintiff,    )
                  )     **MEMORANDUM OF**
vs.               )     **DECISION AND ORDER**
                  )
ACCREDITED MANAGEMENT  )
SOLUTIONS, LLC et al.,     )
                  )
        Defendants.  )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Default Judgment Against Defendant, United Merchant Asset Recovery of WNY, LLC" [Doc. 15] and "Motion for Costs of the Action and Attorney's Fees" [Doc. 15-1].

## I.      PROCEDURAL BACKGROUND

On July 20, 2021, the Plaintiff, Mark Greene ("Plaintiff"), initiated this action against Defendants Accredited Management Solutions, LLC, United Merchant Asset Recovery of WNY, LLC ("United Merchant"), and Jeremy Brown. [Doc. 1]. The Plaintiff's Complaint asserts claims against the Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Collection

Agency Act, N.C. Gen. Stat. § 58-70, *et seq.* ("NCCAA"). [Id. at ¶¶ 1-2]. For damages, the Plaintiff seeks actual damages of up to $1,100 under the FDCPA and the NCCAA, statutory damages of $1,000 under the FDCPA, statutory damages of up to $4,000 under the NCCAA, and reasonable attorney's fees and costs. [Id. at ¶¶ 55-57, 62-64; see also Doc. 15 at 3-4].

On July 29, 2021, the Plaintiff filed a proof of service indicating that Defendant United Merchant was served on July 26, 2021. [Doc. 5]. Defendant United Merchant did not make an appearance or otherwise defend the action. On August 17, 2021, the Plaintiff filed a Motion for Entry of Default against Defendant United Merchant. [Doc. 6]. On August 26, 2021, the Clerk entered a default against Defendant United Merchant.[1] [Doc. 8]. On December 3, 2021, the Plaintiff voluntarily dismissed his claims against Defendants Accredited Management Solutions LLC and Jeremy Brown. [Doc. 11].

On January 5, 2022, this Court entered an Order directing the Plaintiff to file an appropriate motion or otherwise take further action with respect to Defendant United Merchant. [Doc. 12]. On January 19, 2022, the Plaintiff filed the present "Motion for Default Judgment Against Defendant, United

---

[1] The Clerk initially entered a default against Defendant United Merchant on August 20, 2021. [Doc. 7]. However, the Clerk entered a corrected Order of default on August 26, 2021. [Doc. 8].

2

Merchant Asset Recovery of WNY, LLC," ("Motion for Default Judgment") [Doc. 15] and "Motion for Costs of the Action and Attorney's Fees," ("Motion for Costs") [Doc. 15-1].

## II.    STANDARD OF REVIEW

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08-cv-5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D.W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-00264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). By such a default, a defendant admits the well-pleaded factual allegations in the

3

plaintiff's complaint.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

## III.  FACTUAL BACKGROUND

The well-pleaded factual allegations of the Plaintiff's Complaint are deemed admitted by virtue of the Defendant's default.  Id.  The following is a summary of the relevant and admitted facts.

The Plaintiff is a resident of the Town of Black Mountain, North Carolina.  [Doc. 1 at ¶ 7].  Defendant United Merchant is a New York limited liability company and national debt collection agency headquartered in the Town of Lockport, New York.  [Id. at ¶ 19].  Defendant United Merchant engaged in collection efforts in North Carolina.  [Id. at ¶ 23].

The Plaintiff allegedly owes a debt arising from an automobile deficiency balance that was incurred and defaulted on in approximately 2010.  [Id. at ¶¶ 33, 39].  The alleged debt arises from transactions for personal, family, and household purposes.  [Id. at ¶ 34].  There have been no further transactions regarding the alleged debt since approximately 2010.  [Id. at ¶ 40].  Defendant United Merchant has been attempting to collect this alleged debt from the Plaintiff by calling the Plaintiff's cellular telephone.  [Id. at ¶ 35].  On at least one occasion, the Plaintiff answered a call from Defendant United Merchant and spoke to a collector.  [Id. at ¶ 36].

4

During these calls, Defendant United Merchant attempted to collect the alleged debt from the Plaintiff and threatened to sue the Plaintiff if he did not immediately pay the alleged debt. [Id. at ¶ 37]. Defendant United Merchant did not disclose that it could not sue the Plaintiff to collect the alleged debt because North Carolina's three-year statute of limitations had run. [Id. at ¶ 43]. Defendant United Merchant also did not disclose that a partial payment or a promise to pay the alleged debt would reset the statute of limitations. [Id.]. Defendant United Merchant never intended to sue the Plaintiff. [Id. at ¶ 44]. In response to Defendant United Merchant's calls, the Plaintiff paid $1,100 to settle the alleged debt. [Id. at ¶ 37].

## IV. DISCUSSION

### A. Jurisdiction

The Plaintiff's Complaint alleges violations of the FDCPA, which is a federal law. [Id. at ¶ 54]. As such, the Court has federal question jurisdiction over the Plaintiff's FDCPA claims. See 28 U.S.C. § 1331. The Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because the Plaintiff's NCCAA claims are related to the

FDCPA claims, the Court has supplemental jurisdiction over those claims. Accordingly, the Court has subject-matter jurisdiction over this action.

The Court must also have personal jurisdiction over Defendant United Merchant to render a valid default judgment. For the Court to have personal jurisdiction, the Plaintiff must prove, by a preponderance of the evidence, that exercising jurisdiction will (1) comply with the forum state's long-arm statute and (2) comport with the due process requirements of the Fourteenth Amendment. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). Because North Carolina's long-arm statute has been construed to extend as far as due process allows, Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001), this two-pronged test is collapsed into the single inquiry of whether the exercise of personal jurisdiction over the defendant comports with due process. Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014).

The Plaintiff's Complaint contains jurisdictional facts sufficient to support the exercise of personal jurisdiction over Defendant United Merchant by stating that Defendant United Merchant engaged in debt collection efforts in North Carolina and directed phone calls to the Plaintiff. [Doc. 1 ¶¶ 6-7,

23-24]. Given those contacts with this forum, Defendant United Merchant should have reasonably anticipated being haled into this Court.

The Plaintiff has also complied with his obligations to effectuate service of process by serving Defendant United Merchant with a summons and a copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. [Doc. 5]. Finally, the venue is proper under 28 U.S.C. § 1391(b) and (c). Accordingly, this Court has jurisdiction over this matter and will proceed to address the merits of the Plaintiff's Motion for Default Judgment.

**B. FDCPA**

In Count I of the Complaint, the Plaintiff asserts claims against Defendant United Merchant for violations of the FDCPA. [Doc. 1 at ¶ 54].

In general, the FDCPA regulates abusive and unfair debt collection practices, ensures consumer protection, encourages fair competition between debt collectors, and provides a remedy for consumers victimized by unscrupulous debt collection practices. See 15 U.S.C. § 1692 *et seq.* To establish a claim for a violation of the FDCPA, the Plaintiff must show that (1) he has been the object of collection activity arising from consumer debt; (2) the defendant qualifies as a debt collector under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. See Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005). Although the

7

FDCPA prohibits a number of debt collection procedures, "[t]he FDCPA is a strict liability statute and a consumer only has to prove one violation to trigger liability." Akalwadi v. Risk Mgt. Alts., Inc., 336 F. Supp. 2d 492, 500 (D. Md. 2004) (citing Spencer v. Henderson-Webb, Inc., 81 F. Supp. 2d 582, 590-91 (D. Md. 1999)).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Therefore, a debt collector violates the FDCPA where it makes a false representation as to the "legal status of any debt," 15 U.S.C. § 1692e(2)(A), threatens "to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), or uses "any false representation or deceptive means to collect or to attempt to collect any debt," 15 U.S.C. § 1692e(10). To determine whether a debt collector has violated § 1692e, courts ask whether the collection activity would mislead the "least-sophisticated consumer." United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135-36 (4th Cir. 1996). While courts must consider "the capacity of the statement to mislead[,] evidence of actual deception is unnecessary." Id. at 139.

A debt collector violates 15 U.S.C. § 1692e(5) when it threatens to take legal action that it has no intention of taking. See id. at 138; see also Pantoja

8

v. Portfolio Recovery Assocs., LLC, 852 F.3d 679, 683 (7th Cir. 2017) (stating that a debt collector violates the FDCPA where it sues to collect a debt or threatens to sue to collect a debt after the statute of limitations has run).  Further, "falsely representing that unpaid debts would be referred to an attorney for immediate legal action is a deceptive practice" that violates 15 U.S.C. § 1692e(10).  Nat'l Fin. Servs., Inc., 98 F.3d at 138 (citing Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985)).  A debt collector also violates 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) where it attempts to collect a time-barred debt from a consumer without also advising the consumer that a partial payment would reset the statute of limitations.  See Jennings v. Dynamic Recovery Sols., LLC, 441 F. Supp. 3d 106, 114 (D. Md. 2020) (finding that the plaintiff stated a plausible claim that the defendant violated the FDCPA where it "sent a debt-collection letter offering options for settling a time-barred debt and stating that it could not sue for the [d]ebt without also advising her that acknowledging the [d]ebt or making a partial payment would effectively restart the statute of limitations").  In such circumstances, "[t]he least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable . . ."  Id. (quoting Smothers v. Midland Credit Mgmt., Inc., No. 16-2202-CM, 2016 WL 7485686, at *5 (D. Kan. Dec. 29, 2016)); see also Pantoja, 852

9

F.3d at 685 ("[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand.").

In North Carolina, the statute of limitations for "a contract, obligation[,] or liability arising out of a contract" is three years. N.C. Gen. Stat. § 1-52(1). However, "a new promise to pay or partial payment of an existing debt may extend the time to collect the debt up to three years from the time of the new promise or partial payment." Andrus v. IQMax, Inc., 190 N.C. App. 426, 428, 660 S.E.2d 107, 109 (2008) (quoting Coe v. Highland Sch. Assocs. Ltd. P'ship, 125 N.C. App. 155, 157, 479 S.E.2d 257, 259 (1997)).

Taking the Plaintiff's allegations as true by virtue of the Defendant United Merchant's default, the Plaintiff has been the object of collection activity arising from consumer debt, and Defendant United Merchant qualifies as a debt collector under the FDCPA. Taking the Plaintiff's allegations as true, Defendant United Merchant also violated the FDCPA in several ways, including by threatening to sue the Plaintiff to collect the alleged debt when the statute of limitations had run, threatening to sue the Plaintiff to collect the alleged debt when Defendant United Merchant had no intention of filing such a lawsuit, and failing to disclose to the Plaintiff that

making a partial payment or promising to pay the alleged debt may extend the statute of limitations. [Doc. 1 at ¶¶ 33-47].

Under the FDCPA, the Court can award any actual damages incurred as a result of a debt collector's violation as well as additional statutory damages of up to $1,000 based on the "frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k. Considering the number of FDCPA violations committed by Defendant United Merchant,[2] the Court will award statutory damages under the FDCPA. Because the FDCPA only provides for a maximum award of $1,000 in statutory damages per lawsuit, the Court will award the Plaintiff the maximum of $1,000 in statutory damages. 15 U.S.C. § 1692k(b)(1); <u>Wright v. Fin. Serv. of Norwalk, Inc.</u>, 22 F.3d 647, 651 (6th Cir. 1994); <u>Richardson v. William Sneider and Assocs., LLC</u>, No. 4:12-cv-00025, 2012 WL 3525625, at *10 (E.D. Va. July 24, 2012). The Court will further award the Plaintiff $1,100 in actual damages under the FDCPA.

---

[2] The Court finds that Defendant United Merchant's conduct at least violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

## C. NCCAA[3]

In Count II of the Complaint, the Plaintiff asserts claims against Defendant United Merchant for violations of the NCCAA. [Doc. 1 at ¶¶ 60-61].

Similar to the FDCPA, the NCCAA regulates "collection agencies," defined as persons "directly or indirectly engaged in soliciting, from more than one person[,] delinquent claims of any kind owed or due or asserted to be owed or due the solicited person and all persons directly or indirectly engaged in the asserting, enforcing or prosecuting of those claims," N.C. Gen. Stat. § 58-70-15(a) (internal quotation marks omitted). The NCCAA prohibits collection agencies from engaging in harassing or oppressive conduct and collecting or attempting to collect a debt by using coercion or fraudulent, deceptive, or misleading representations. N.C. Gen. Stat. §§ 58-70-95, 58-70-100, 58-70-110. In particular, the NCCAA also specifically prohibits a collection agency from "[t]hreatening to take any action not in fact taken in the usual course of business, unless it can be shown that such

---

[3] "While a party may typically recover only once for his injuries, '[d]amages under the FDCPA do not preclude damages under relevant state law,' here the NCCAA." Leto v. World Recovery Serv., LLC, No. 3:14-cv-00489-FDW, 2015 WL 1897060, at *3 (W.D.N.C. Apr. 27, 2015) (Cogburn, J.) (citing Baie v. Prime West Mgmt. Recovery, LLC, 08-06795-8-SWH, 2011 WL 1257148, at *9 (E.D.N.C. Mar. 30, 2011)).

threatened action was actually intended to be taken in the particular case in which the threat was made."  N.C. Gen. Stat. § 58-70-95(7).

Taking the Plaintiff's allegations as true by virtue of Defendant United Merchant's default, the Plaintiff has been the object of collection activity arising from consumer debt, and Defendant United Merchant qualifies as a collection agency under the NCCAA.  Further, like Defendant United Merchant's violations of the FDCPA, Defendant United Merchant violated the NCCAA when attempting to collect the alleged debt from the Plaintiff, first, by falsely threatening the Plaintiff with litigation that was time-barred and that Defendant United Merchant did not intend to pursue and, second, by failing to inform the Plaintiff that making a partial payment or promising to pay the alleged debt may extend the statute of limitations.  [Doc. 1 at ¶¶ 33-47].

The NCCAA provides for actual damages and statutory damages of between $500 and $4,000 per violation.[4]  N.C. Gen. Stat. § 58-70-130(b).  A "[v]iolation" does not correlate to the number of counts alleged, but to each separate instance where the defendant violated the statute.  See Baie, 2011

---

[4] In Count II of the Complaint, the Plaintiff states that he is seeking actual damages "of not less than $500 nor greater than $4,000 per violation" as well as punitive damages for Defendant United Merchant's violations of the NCCAA.  [Doc. 1 at § 62-63].  However, in his Motion for Default Judgment, the Plaintiff further clarifies that he seeks statutory damages not exceeding $4,000 for violations of the NCCAA.  [Doc. 15 at 4].  The Plaintiff also seeks a total of $1,100 in actual damages for violations of both the NCCAA and the FDCPA.  [Id. at 3].  Because the Court addressed the Plaintiff's actual damages in its discussion of the FDCPA, the Court need not address it again here.

WL 1257148, at *4 (awarding $2,000 for each of the five occasions where the defendant contacted the plaintiff); In re Kirkbride, No. 08-00120-8-RJL, 2010 WL 4809334, at *5 (E.D.N.C. Nov. 19, 2010) (awarding monetary damages per call, not per count of the NCCAA violated). The Plaintiff does not, however, specifically allege the number of instances that the Defendant violated the NCCAA. For example, the Plaintiff alleges that he answered "*at least one*" phone call from Defendant United Merchant and that during these "collection *calls*" a collector threatened to pursue litigation. [Doc. 1 at ¶¶ 35-37] (emphasis added). However, the Plaintiff does not specifically allege the number of times Defendant United Merchant called or the number of calls the Plaintiff answered. Giving the Plaintiff's vague pleadings a generous inference, the Court finds that he has alleged at least two violations of the NCCAA by describing the statements made by a collector during "collection *calls*." Accordingly, the Court will award the Plaintiff $4,000 in statutory damages for Defendant United Merchant's violations of the NCCAA.

## D. Attorney's Fees

The Plaintiff requests attorney's fees pursuant to the FDCPA. [Doc. 15-1]. Attorney's fees may be awarded where expressly authorized by contract or statute. United Food and Com. Workers, Local 400 v. Marval Poultry Co., Inc., 876 F.2d 346, 350 (4th Cir. 1989) (citing Alyeska Pipeline

Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975)). The FDCPA states that "in the case of any successful action" a plaintiff may recover a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "This determination is within the sound discretion of the court." Barnett v. Creditors Specialty Serv., Inc., No. 1:12-cv-00303, 2013 WL 1629090, at *3 (W.D.N.C. Apr. 16, 2013) (Reidinger, J.) (citing Beasley v. Sessoms & Rogers, P.A., No. 5:09-cv-43-D, 2011 WL 5402883, at *2 (E.D.N.C. Nov. 8, 2011)). Because the Plaintiff has obtained a default judgment against Defendant United Merchant, the Court will award attorney's fees under the FDCPA.

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested fee. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the

litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Restaurant Grp., Inc. v. Scurmont, LLC, No. 4:09-cv-618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990)).

### 1.    Time and Labor Expended

The Plaintiff's attorney incurred 9 hours on this case, including 6.7 hours of attorney time and 2.3 hours of paralegal time. [Doc. 15-1 at 6]. That time was expended consulting with the Plaintiff, preparing the Complaint, effectuating service of process on Defendant United Merchant, securing entry of default against Defendant United Merchant, and preparing the present Motion for Default Judgment and related documents. [Doc. 15-4 at 3]. The Court has carefully reviewed the billing records submitted by the

Plaintiff and finds that the time expended by his attorney was necessary and reasonable.

### 2. Novelty and Difficulty of the Questions Raised

This case required the Plaintiff's attorney to establish the Plaintiff's entitlement to a default judgment on two separate claims with two separate bodies of relevant case law. The questions presented by those claims, however, should not have been particularly difficult for the Plaintiff's attorney, who attests that he regularly handles consumer rights cases. [Doc. 15-3 at ¶¶ 13-14]. Accordingly, this factor bears little weight in the calculation of a reasonable fee.

### 3. Skill Required to Properly Perform the Legal Services

As discussed above, the questions presented by this case should not have been particularly challenging for an attorney experienced in consumer rights cases. Accordingly, this factor bears little weight in the calculation of a reasonable fee.

### 4. Opportunity Costs of Litigation

This litigation necessarily prevented the Plaintiff's attorney from devoting time to other matters. Under the relevant factors, an "attorneys' opportunity costs include the higher rates they would have otherwise charged in other cases and projects." Irwin Indus. Tool Co. v. Worthington

17

Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010). However, the Plaintiff's attorney does not indicate that this matter was less lucrative than other types of cases. Accordingly, this factor weighs neither in favor of nor against awarding the requested fee.

### 5. Customary Fee for Similar Work

The Plaintiff requests a rate of $294 per hour for his attorney, James J. Parr, and $126 per hour for his paralegal, Jacqueline Laino. [Doc. 15-1 at 6-7]. To support that request, the Plaintiff submits information from the United States Consumer Law Survey Report ("Report"), which shows that the median hourly rate for consumer law attorneys practicing in Western North Carolina is $300 per hour, and the mean hourly rate for consumer law attorneys practicing in North Carolina who have been in practice between six and ten years[5] is $275 per hour. [Doc. 15-2 at 2-3]. The Report further indicates that the average billable paralegal rate in North Carolina is $126 per hour. [Id. at 2].

The Plaintiff also provides a declaration from his attorney, James J. Parr, stating that this Court awarded him a rate of $275 per hour in a consumer law case in 2020. [Doc. 15-3 at ¶ 10] (citing Hinyub v. AA

---

[5] The Plaintiff's counsel has been licensed and practicing consumer law since November 6, 2014. [Doc. 15-1 at 7 n.3].

18

Recovery Sols., Inc., No. 1:20-cv-00089-MR-WCM, 2020 WL 5899110, at *6 (W.D.N.C. Oct. 5, 2020)).  The Plaintiff does not present affidavits of any other attorneys who regularly practice in the area of Asheville, North Carolina in order to establish the prevailing rates in the local market.

As the Fourth Circuit has recognized:

> [D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate.  In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)).  In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market in determining a reasonable rate.  See Rum Creek Coal Sales, Inc., 31 F.3d at 179 ("[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate.").

Based on the foregoing, the Court will find that a reasonable hourly rate for the work of the Plaintiff's counsel on this matter, considering his expertise and experience, to be $275 per hour, and for paralegal work to be $126 per hour.

### 6. Attorney's Expectation at Outset of Litigation

The Plaintiff's attorney does not provide any details regarding his expectations at the outset of litigation. Accordingly, this is not a factor in calculating a reasonable fee.

### 7. Time Limitations

The Plaintiff's attorney does not claim that this case involved any urgency or any particular time limitations. Accordingly, this also is not a factor in calculating a reasonable fee.

### 8. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Here, the Court awarded the Plaintiff the full amount of damages that he sought on his claims under the FDCPA and the NCCAA. [Doc. 15 at 3-4]. As such, this factor weighs in favor of awarding a fee based upon a full hourly lodestar rate.

### 9.    Experience, Reputation, and Ability of Counsel

The Plaintiff's attorney attests that he has significant experience in consumer rights cases because he focuses largely on consumer law and has settled over 600 consumer rights cases.  [Doc. 15-3 at ¶¶ 13-14]. Accordingly, this factor weighs in favor of awarding a fee based upon a full hourly lodestar rate, as counsel was able to represent the Plaintiff in an efficient manner.

### 10.    Undesirability of the Case in the Legal Community

The Plaintiff's attorney does not provide any details regarding the undesirability of cases like this one in the legal community.  Accordingly, this is not a factor in calculating a reasonable fee.

### 11.    Relationship between Attorney and Clients

The Plaintiff's attorney does not provide any details regarding his relationship with his client.  Accordingly, this also is not a factor in calculating a reasonable fee.

### 12.    Fee Awards in Similar Cases

The Plaintiff's attorney attests that this Court awarded him a rate of $275 per hour in a similar consumer law case last year.  [Doc. 15-3 at ¶ 10] (citing Hinyub, 2020 WL 5899110, at *6).  As such, this factor weighs in favor of awarding a fee based upon a full hourly lodestar rate.

21

After consideration of all of the above factors, the Court concludes that the lodestar method results in a reasonable award. As such, the Court will award the Plaintiff $1,842.50 for counsel's work (6.7 hours x $275 per hour), and $289.80 for paralegal time (2.3 hours x $126 per hour), for a total fee of $2,132.30.

## E.    Costs

In addition to attorney's fees, the Plaintiff seeks an award of $491 in costs for the filing fee in this matter and the costs of serving Defendant United Merchant. [Doc. 15 at 4; see also Doc. 15-1 at 5; Doc. 15-4 at 4, 6]. The FDCPA allows a successful plaintiff to recover their costs, including filing fees. 15 U.S.C. § 1692k(a)(3). The Court finds the requested costs to be reasonable and therefore awards the Plaintiff $491 in costs. See 28 U.S.C. § 1920.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Default Judgment Against Defendant, United Merchant Asset Recovery of WNY, LLC" [Doc. 15] is **GRANTED.** The Plaintiff shall have and recover of Defendant United Merchant a judgment of $1,100 in actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and N.C. Gen. Stat. § 58-70-130(a), a judgment of $1,000 in statutory damages pursuant to 15 U.S.C. §

1692k(a)(2)(A), and a judgment of $4,000 in statutory damages pursuant to

N.C. Gen. Stat. § 58-70-130(b), for a total judgment of $6,100.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion for Costs of the

Action and Attorney's Fees" [Doc. 15-1] is **GRANTED,** and the Plaintiff shall

have and recover from Defendant United Merchant $2,132.30 in attorney's

fees and $491.00 in costs pursuant to 15 U.S.C. § 1692k(a)(3).

**IT IS SO ORDERED.**

Signed: August 1, 2022

Martin Reidinger
Chief United States District Judge